### Ex Parte Nadal, Petitioner and Appellee (Lugo, Contestant and Appellant).

### Appeal from the District Court of Mayagüez in a Probate Proceeding.

#### No. 1904.—Decided July 14, 1919.

Appeal—Assignment of Errors.—When the judgment of a court in a partition proceeding is appealed from by a party who considers himself prejudiced

thereby and on appeal it appears from an arithmetical calculation that the said party has not suffered the prejudice alleged, the appeal is frivolous and the judgment appealed from will be affirmed without considering other errors assigned, especially when no separate assignment has been filed as required by Rules 41 and 42.

The facts are stated in the opinion.

Messrs. Salvador Nadal and Angel A. Vázquez for the petitioner.

Mr. José Martínez Dávila for the contestant.

Mr. E. Ramírez Nadal for the heir Daniel Nadal.

Mr. Justice Wolf delivered the opinion of the court.

The principal point raised on this appeal relates to the manner of distribution of an estate. The appellant, who is an acknowledged natural child, complains that in such distribution the funeral expenses and legacies were deducted from the whole estate instead of from the part of free disposition. The debts ought always to be deducted from the whole estate.

The liquidation in this case showed that after deducting the debts and legacies the distributable part was $93,953.13. The legacies were $11,770.00, so that the distributable part was $105,723.13. There were two legitimate heirs to whom belonged $\frac{2}{3}$ of the estate, and one natural heir. On the basis proposed by appellant each of the legitimate children, being two, would have been assigned primarily $35,241.04$\frac{1}{3}$, or $\frac{1}{3}$ of $105,723.13, and appellant would have been assigned $17,620.52 1/6, or one-half of said one-third. Adding to this last-named figure the amount of the legacies of $11,770.00, the total is $29,390.52 1/6, leaving $5,850.52 1/6, to be distributed in the same proportion out of the part of free disposition. Of this $5,850.52 1/6 the sum of $2,340.20 13/15 would hence belong to each of the legitimate children and $1,170.10 13/30 to the natural child. Adding the sum of $1,170.10 13/30 to the $17,620.52 1/6 the total would be $18,790.63, which is exactly what the referee found was due him. On well-known arithmetical principles this would be found to

be true when the part (one-fifth of the distributable portion of the estate) belonging to the natural child, plus the legacies, did not exceed the one-third of free disposition, as the natural child was always entitled to $\frac{1}{4}$ of what belonged to the legitimate children or $\frac{1}{5}$ of the whole distributable estate. We may not demand that appellants know all the principles of arithmetic, nor that they should consult experts, but at least the calculation of what would have been due him under his theory could have been performed by this appellant. The appeal is not a meritorious one, the other alleged errors not requiring notice, as the matters complained of, like lack of notice, were cured by an appearance before the referee, or were not properly pressed upon the court below and were never fundamental. We are confirmed in our position in not taking notice of the errors as appellant has filed no separate assignment of error, as required by Rules 41 and 42.

The judgment must be

*Affirmed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.